Dissenting Opinion of Chief Justice

HERB YAZZIE, Chief Justice,
dissenting
Because I cannot agree that the NPEA explicitly waives NHA’s sovereign immunity from suits seeking to execute on its property, I respectfully dissent.
NHA’s Plan of Operation generally waives NHA’s sovereign immunity, but retains NHA’s immunity from suit for actions seeking to enforce a judgment against NHA. Before the passage of the Sovereign Immunity Act, the immunity of specific agencies and offices of the Nation was defined in their plans of operation. Consistent with this, the scope of NHA’s sovereign immunity is defined in its Plan of Operation at Sections 616 and 623. In Tso I, this Court held that Section 623 of NHA’s Plan of Operation was not “sovereign immunity,” but was merely a prohibition on enforcement akin to the general prohibition on garnishment. No. SC-CV-10-02, 5 Am. Tribal Law at 438, 442-43, 2004 WL 5658576 at *2-3. However, I believe that ruling, to be incorrect, as Section 616 and 623 should be read together, and when done so, Section 623 is immunity from a suit to enforce a judgment against NHA. There is no clear, stated reason in Tso I to separate Sections 616 and 623 and treat them differently. The separation of the two sections in the Plan of Operation, with several sections in between, is not enough to separate their function. When read together, the Council’s intention is clear; NHA’s immunity is generally waived, but NHA’s property is not subject to execution to fulfill a judgment. This means that NHA may generally be sued, but suits like the present one that seek to execute on NHA’s assets must be dismissed absent a clear override of Section 623 in subsequent legislation. I would then overrule that conclusion in Tso I, and instead interpret Sections 616 and 623 to both describe the scope of NHA’s sovereign immunity.
I further believe that the Navajo Preference in Employment Act (NPEA) did not clearly override NHA’s immunity from execution. There is simply nothing in the Act that purports to amend or override Section 623. This Court follows the rule of statutory construction that waivers of immunity must be clearly expressed. See Navajo Nation v. Crockett, 7 Nav. R. 237, 238 (Nav.Sup.Ct.1996) (stating that there must be “express waiver” of Nation’s immunity). This is not unusual, as Indian nations assert the same rule of construction in other jurisdictions’ courts, and those courts have applied that rule. See, e.g., Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58-59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (stating that waivers of tribal sovereign immunity must be “unequivocally expressed”); Kosiba, v. Pueblo of San Juan, 2006-NMCA-57, ¶ 12, 139 N.M. 533, 536, 135 P.3d 234 (2006) (same). Neither NHA nor Section 623 of its Plan of Operation is mentioned anywhere in the Act, and, though this does not mean that NHA is not generally subject to the NPEA,[1] it *608 does mean that there is no clear waiver of its unique immunity from enforcement actions. Section 612(C) of the NPEA, though establishing a cause of action in Navajo district court to enforce NPEA judgments, does not clearly waive NHA’s immunity from such suits. The general purposes of the NPEA also are not enough to establish a clear waiver. The Council is the policy-making body for the Nation, and it is aware of the necessary language to express its intent to override sovereign immunity. See, e.g., 1 N.N.C. § 554(F) (2005) (waiving immunity for claims covered by liability insurance). The Council chronologically enacted NHA’s exemption from execution first. It did not specifically address this exemption when it enacted Section 612(C) of the NPEA. Instead the Council reaffirmed the exemption by adding NHA to the list of entities covered by the Sovereign Immunity Act, Navajo Nation Council Resolution No. CO-55-04 (codified at 1 N.N.C. § 550(F)), and prohibited any further legislative modification of this exemption unless Section 623 is specifically addressed, Resolution No. CJY-ol-05 (codified at 6 N.N.C. § 601 et seq.).
I make no comment as to the wisdom of the Council’s obvious decision to exempt NHA’s assets from execution. When the language of the statute is clear and the intent of the lawmakers is not disputed, the Court, under its established rules of statutory construction, cannot ignore such clarity because it objects to the Council’s intent to broaden NHA’s exemption. See Tso I, No. SC-CV-10-02, 5 Am. Tribal Law at 443, n. 1, 2004 WL 5658576 at *2-3 n. 1 (Nav.Sup.Ct.2004) (previous opinion in this case stating that Court “appliejs] the plain language directly when ... [it] clearly requires a certain outcome”); Judy v. White, No. SC-CV-35-02, 5 Am. Tribal 418, 432-33, 2004 WL 5658577 at *13-14 (Nav.Sup.Ct.2004) (Court bound to apply plain language of Sovereign Immunity Act). Absent some indication that the Council affirmatively meant to open up NHA’s assets to execution, there can be no waiver. I would then overrule the result in Tso I as well, and dismiss this case as barred by NHA’s sovereign immunity.

. NHA argues that it is completely outside the authority of the Commission because the Council did not include it specifically in the NPEA’s definition of "employer.” NHA asserts it is a "public body,” and that requires the Council to include the term "public body” in its definition of “employer” to be effective against NHA. However, the definition of "em *608 ployer” was clearly intended to be comprehensive, as it includes “all persons, firms, associations, corporations, and the Navajo Nation and all of its agencies and instrumen-talities, who engage the services of any person for compensation, whether as an employee, agent, or servant.'’ Regardless of NHA’s technical status as a “public body,” NHA is an “agency” or “instrumentality” of the Nation, and therefore is generally subject to the NPEA, and can be brought before the Commission. The question in this case is a different one: whether the creation of the cause of action to enforce a Commission judgment also waived NHA's pre-existing sovereign immunity from suits to execute on its assets.